**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000529**
**19-DEC-2025**
**08:28 AM**
**Dkt. 46 SO**

NO. CAAP-23-0000529


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ROXANNE EDAYAN and JUSTIN GOREE, Plaintiffs-Appellants,
v.
ASSOCIA HAWAII, GWENN BRESSLAUER, and DANIEL KAWAI,
Defendants-Appellees.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1DRC-22-0007572)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Self-represented Plaintiff-Appellant Roxanne **Edayan**

appeals from the District Court of the First Circuit's

September 28, 2023 order granting Defendants-Appellees Associa

Hawaii, Gwenn Bresslauer,[1] and Daniel Kawai's (collectively,

---

[1] We note that Defendant-Appellee Gwenn Bresslauer is variably identified in the record as "Gwenn Bresslauer," "Gwen Bresslaer," and "Gwenn Phillips." For purposes of this disposition, we adopt the spelling in the Complaint.

**Associa**) motion to enforce the mediated settlement agreement and dismiss with prejudice.[2]

We first note that Edayan's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28. Notwithstanding, we address the issues raised to the extent we can discern in an effort to provide access to justice. Morgan v. Plan. Dep't, Cnty. of Kauaʻi, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004).

On appeal, Edayan appears to contend the district court erred by failing to enter a default judgment against Associa and her due process rights were violated.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

According to Edayan, she worked for Associa but was terminated. Edayan states "[t]his case is about [her] getting her things back after being terminated."

---

[2] The Honorable Timothy E. Ho presided.

In addition to Edayan, Justin **Goree** signed the notice of appeal. However, the record reflects that Edayan filed the opening brief, and neither Edayan nor Goree signed the opening brief as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 32 and Hawaiʻi Electronic Filing and Service Rules Rule 5. Edayan is not an attorney and cannot represent Goree. Thus, we address the issues raised in the opening brief as to Edayan only.

In November 2022, Edayan filed a complaint for return of personal property.

The parties participated in mediation and reached a settlement agreement.

In June 2023, based on the settlement agreement, Associa sent a stipulation to dismiss the case to Edayan, but she refused to sign the stipulation.

In August 2023, Associa moved to enforce the settlement agreement and to dismiss the case with prejudice (**Motion to Enforce and Dismiss**).  Attached to the motion was the settlement agreement signed by Edayan.  According to the agreement, Edayan was "entitled to the items identified in the list attached hereto as EXHIBIT A, with the exception of all paperwork and manuals and any items for which [Associa] has a receipt showing that such items were purchased with [its] funds."  Exhibit A listed nineteen items.  Edayan opposed the Motion to Enforce and Dismiss.

On August 28, 2023, the district court held a hearing on, and granted, the Motion to Enforce and Dismiss.[3]  The district court entered its order granting the Motion to Enforce and Dismiss on September 28, 2023.  Edayan timely appealed.

---

[3]  In the district court, Edayan requested transcripts for the August 28, 2023 hearing.  However, there are no transcripts in the district court record or appellate record.  See HRAP Rule 10 (explaining the procedure for requesting transcripts).

On appeal, Edayan appears to contend that (1) the district court erred by failing to enter a default judgment against Associa, and (2) her due process rights were violated. We affirm.

**(1)** Edayan first contends "[a] Default Judgment should have been taken against the defendants as the SUMMONS states." Edayan argues that the summons requires a written answer or an appearance before the district court, and "[n]one of which the above was addressed by the Court."

The summons attached to the complaint required Associa to file an answer or appear "at 1:30 p.m. on the second Monday following date of service." The complaint was served on December 5, 2022. We take judicial notice, pursuant to Rule 201 of the Hawaiʻi Rules of Evidence, that the second Monday after December 5, 2022, was December 19, 2022. The minutes for December 19, 2022, state that attorney "Melanie Oyama [was] present via Zoom for [Defendants] Associa Hawaii, Gwen [sic] Bresslauer, and Dan Kawai." (Formatting altered.)

Thus, the record does not support Edayan's claim that default judgment should have been entered for failing to comply with the summons.

**(2)** Edayan also contends her due process rights were violated, because she received no notice that "attorney Oyama was going to be representing [Associa] during the December 19,

4

2022 hearing" or that the January 30, 2023 hearing was changed to February 21, 2023.

"[D]ue process is not a fixed concept requiring a specific procedural course in every situation. Rather, due process calls for such procedural protections as the particular situation demands, but its basic elements are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Davis v. Bissen, 154 Hawaiʻi 68, 82, 545 P.3d 557, 571 (2024) (citation and internal quotation marks omitted).

As to Oyama appearing at the December 19, 2022 hearing, Edayan provides no authority to support her contention that failing to notify her that Oyama would be representing Associa violated due process. As discussed above, the summons attached to the complaint required Associa to answer or appear at court on a particular day; here, it was December 19, 2022. On December 19, 2022, Oyama appeared on behalf of Associa. Oyama's appearance on behalf of Associa without notifying Edayan did not violate her due process rights.

As to Edayan's argument that she received no notice that the January 30, 2023 hearing was changed to February 21, 2023, the minutes for January 30, 2023, state that Edayan was "present via Zoom" and the court ordered a pretrial conference for February 21, 2023. (Formatting altered.) Thus, the record does not support Edayan's argument that she received no notice

5

of the February 21, 2023 hearing.  There was no violation of Edayan's due process rights.

Based on the foregoing, we affirm the district court's September 28, 2023 order granting Associa's Motion to Enforce and Dismiss.

It is further ordered that the August 21, 2025 motion for retention of oral argument is denied.

DATED:  Honolulu, Hawaiʻi, December 19, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Roxanne Edayan,
Self-represented Plaintiff-             /s/ Keith K. Hiraoka
Appellant.                              Associate Judge

John D. Zalewski,                       /s/ Sonja M.P. McCullen
Lissa H. Andrews,                       Associate Judge
for Defendants-Appellees.